UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN, | Case No. 2:24-cv-2256-WBS-CSK |
| Plaintiff, | |
| v. | RECOMMENDATION TO REMAND TO SACRAMENTO SUPERIOR COURT |
| USAA INSURANCE CO., et al., | |
| Defendants. | |

On August 19, 2024, Plaintiff Prakash Narayan, who proceeds without counsel, removed this action from Sacramento Superior Court to the Fresno Division of the Eastern District of California.[1] (ECF No. 1.) Plaintiff requested leave to proceed in forma pauperis. (ECF No. 2.) On August 20, 2024, the case was transferred to the Sacramento Division pursuant to Local Rule 120(f). (ECF No. 3.)

For the reasons that follow, the undersigned recommends this case be REMANDED to the Sacramento Superior Court.

/ / /

/ / /

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

# I. LEGAL STANDARDS

## A. Removal and Remand

28 U.S.C. § 1441(a) states ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

## B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, unless the contrary appears affirmatively from the record." *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quotations omitted). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

# II. DISCUSSION

This case was removed to federal court on August 19, 2024 by Plaintiff, who proceeds without counsel. (ECF No. 1.) However, courts in the Ninth Circuit have long held that, based on the language of the removal statute (28 U.S.C. § 1441), the right to remove a case from state court to federal court is limited to <u>defendants</u>. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("A

plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court."). Further, even if this case had been removed following the proper procedures, a review of the First Amended Complaint ("FAC") indicates the Court does not have subject matter jurisdiction, requiring remand. *See* 28 U.S.C. § 1447(c).

First, Plaintiff's claims do not arise under federal law. *See* 28 U.S.C. § 1331. Plaintiff's claims against Defendants are stated as a "Violation stop payment check § 1719, Collection, Code Civ. Proc. § 2033.280(b), Violation for Fair Settlement, and Article 5 § 116.530(a) Counsel Representing in Small Claims Court." FAC (ECF No. 1 at 25.) Plaintiff asserts in the notice of removal based on an alleged denial of due process, which he argues is a claim under 42 U.S.C. § 1983. (ECF No. 1 at 4.) However, there is no due process claim asserted in the FAC. *See Vaden v. Discover Bank*, 556 U.S. 49, 59-62 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.").

Second, complete diversity of the parties is lacking here. 28 U.S.C. § 1332. According to the allegations in the FAC, Plaintiff and Defendants Michael G. Jones and Angela L. Gregoire are all residents of California. FAC at 33. Plaintiff asserts the Court has diversity jurisdiction because he and Defendant USAA are citizens of different states. (ECF No. 1 at 5.) Plaintiff is incorrect. Diversity jurisdiction requires complete diversity of all parties, which is lacking here. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.") (citations omitted).

Thus, this case must be remanded back to the Sacramento Superior Court for lack of subject matter jurisdiction. *See Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022) (noting the district court may issue orders '"without notice where lack of jurisdiction

appears on the face of the complaint and is obviously not curable").

## RECOMMENDATIONS

Based upon the findings above, the Court RECOMMENDS:

1. This case be REMANDED back to the Sacramento Superior Court; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 27, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, nara.2256